IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMBA BATHILY,<br>    Plaintiff,<br><br>    v.<br><br>GEICO,<br>    Defendant. | :<br>:<br>:<br>:   CIVIL ACTION NO. 24-CV-0769<br>:<br>:<br>: |

MEMORANDUM

SCOTT, J.                                                                                                               MARCH 1, 2024

Samba Bathily has filed a Complaint against GEICO alleging a violation of the Fair Credit Reporting Act ("FCRA"). Bathily also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Bathily *in forma pauperis* status, dismiss the Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and permit Bathily an opportunity to file an amended complaint.

I.      FACTUAL ALLEGATIONS[1]

Bathily asserts that he contacted GEICO on January 8, 2024 to identify and dispute an erroneous tradeline in his credit report. (Compl. at 2.) The same day, Bathily submitted a detailed dispute letter to GEICO, outlining the specific discrepancies and inaccuracies allegedly present "in the credit report prepared, maintained, and published by Defendant." (*Id*.) The tradeline allegedly provides "Creditor: GEICO SECURE" and shows the status of an account as "In Collections." (*Id*. at 3.) Bathily claims the information is inaccurate and derogatory and

---

[1] The factual allegations set forth in this Memorandum are taken from Bathily's Complaint (ECF No. 2.) The Court adopts the sequential pagination assigned to the Complaint by the CM/ECF docketing system.

casts a shadow over his creditworthiness and financial reputation. (*Id*.) Despite his efforts to rectify the alleged inaccuracy, GEICO has allegedly failed to address it. (*Id*.) Bathily claims the inaccuracy was not a result of a simple error, but a result of GEICO's failure to conduct a thorough and accurate investigation into the disputed tradeline in violation of the FCRA. (*Id*.) He also contends GEICO lacked due diligence. He asserts FCRA claims based on inaccurate reporting of his account status, failure to conduct a reasonable investigation, failure to correct or delete inaccurate information, negligence in reporting information, and willful noncompliance with the FCRA. (*Id*. at 4-5.) He seeks money damages and an injunction requiring GEICO to correct and update his credit report. (*Id*. at 5.)

## II.     STANDARD OF REVIEW

The Court grants Bathily leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Bathily is proceeding *pro se*,

the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

**III.    DISCUSSION**

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))).  In the language of the FCRA, credit reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).

Bathily's claim against GEICO stems from allegedly inaccurate information in his credit report from a tradeline stating "Creditor:  GEICO SECURE" showing the status of an account as "In Collections."  (Compl. at 3.)  GEICO must, therefore, be deemed to be a "furnisher" of that information, rather than a "credit reporting agency" to which this type of information is furnished to create credit reports.  To state a plausible claim under the FCRA against a furnisher of credit information, as opposed to the credit reporting agency itself, a plaintiff  must allege that he "filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information." *Harris v. Pa. Higher Educ. Assistance*

*Agency/Am. Educ. Servs.*, No. 16-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016), *aff'd sub nom. Harris v. Pennsylvania Higher Educ. Assistance Agency/Am. Educ. Servs.*, 696 F. App'x 87 (3d Cir. 2017) (*per curiam*); *see also* 15 U.S.C. §§ 1681s-2(b); *Holland v. Trans Union LLC*, 574 F. Supp. 3d 292, 302 (E.D. Pa. 2021) ("[T]here must be some threshold showing of inaccuracy to make a claim against a furnisher" pursuant to § 1681s-2). If the furnisher fails to comply with its obligations under the Act, "the aggrieved consumer can sue for noncompliance." *Hoffmann v. Wells Fargo Bank, N.A.*, 242 F. Supp. 3d 372, 391 (E.D. Pa. 2017); *see also Eades v. Wetzel*, No. 19-3821, 2021 WL 287752, at *1 (3d Cir. Jan. 28, 2021) (*per curiam*) ("[U]nder the FCRA, '15 U.S.C. § 1681s-2(b) is the only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information.'" (quoting *SimmsParris*, 652 F.3d at 358) (alteration omitted)).

In other words, to allege a plausible claim against a furnisher of credit information, the plaintiff must allege that the furnisher communicated inaccurate information to a credit reporting agency, what that information was, that he disputed the information *with the credit reporting agency*, and that the furnisher of the information failed to reasonably investigate the dispute after having been notified by the credit reporting agency. *See Pressley v. Capital One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. 2019) (plaintiff failed to state a FCRA claim when she "ha[d] not (1) identified the accounts at issue, (2) described the allegedly false and misleading information that appears in the accounts, (3) stated that she filed a dispute regarding the false and misleading information; or (4) alleged that Capital One failed to investigate and modify the inaccurate information"). Here, Bathily alleges only that he disputed the allegedly incorrect information with GEICO, rather than with any of the credit reporting agencies. This is not sufficient to allege a plausible violation of the FCRA against a furnisher of credit information. *See Peeples v. Ulta*

*Beauty Inc.*, No. 22-4661, 2023 WL 377889, at *2 (E.D. Pa. Jan. 23, 2023) ("Even liberally construing the Complaint, Peeples has not stated a claim against Ulta as a furnisher of information to a consumer reporting agency.  Peeples alleges that she sent a dispute letter to Ulta sometime in 2021. . . .  There are, however, no allegations that she disputed any inaccurate information with any of the consumer reporting agencies.").  The lack of any allegation that Bathily disputed the allegedly inaccurate information with a credit reporting agency that then notified GEICO of the dispute, and that GEICO then failed to investigate and modify the inaccurate information, makes his claim against GEICO not plausible.

For this reason, the Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  However, the Court will grant Bathily an opportunity to file an amended complaint if he is capable of alleging additional facts supporting his claim against GEICO.  An order with additional information about filing an amended complaint will be entered separately.

**BY THE COURT:**

/S/KAI N. SCOTT
**KAI N. SCOTT, J.**